UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 10-cr-20667
    Hon. Matthew F. Leitman

JOHN COOK

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE (ECF No. 406)

In 2012, a jury convicted Defendant John Cook of participating in a drug conspiracy involving 50 to 279 grams of cocaine base in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841; and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). United States District Judge Marianne O. Battani then sentenced Cook to 360 months imprisonment.

On January 10, 2018, Cook filed a Motion for Reduction of Sentence Pursuant to Amendment 782 of the United States Sentencing Guidelines. (*See* Mot., ECF No. 406.) The action was later re-assigned to this Court. (*See* Dkt.) The Court then reviewed the motion. It appeared to the Court that Cook was not entitled to relief under Amendment 782. As the Court explained:

1

> Amendment 782 of the Guidelines "reduced the base offense levels for crack cocaine offenses in U.S.S.G. § 2D1.1(c)'s drug quantity tables." *United States v. Smith*, 655 F. App'x 376, 379 (6th Cir. 2016). But Cook's base offense level was not determined based upon the quantity of drugs for which he was held accountable under § 2D1.1(c)'s drug quantity tables. Instead, Judge Battani applied "the cross-reference in § 2D1.1(d)(1), which provided: If a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, apply § 2A1.1 (First Degree Murder) or § 2A1.2 (Second Degree Murder), as appropriate, if the resulting offense level is greater than that determined under this guideline." *United States v. Cook*, 550 F. App'x 265, 273–74 (6th Cir. 2014) (explaining how Cook's base offense level was determined). Because Cook's base offense was not determined through application of § 2D1.1(c)'s drug quantity tables, it does not appear that he is entitled to any relief under Amendment 782.

(Show Cause Order, ECF No. 422, PageID.3945-3946.) The Court therefore issued a show cause order directing Cook to show cause, in writing, by no later than January 15, 2021, why it should not deny the motion (the "Show Cause Order"). (*See id*.) Cook asked for an extension of time to respond to Show Cause Order (*see* Req., ECF No. 423), and the Court extended the time for Cook to file a response until March 15, 2021. (*See* Order, ECF No. 424.)

Despite the extension of time that the Court granted him, Cook has not filed any response to the Show Cause Order. Nor has he filed a request for additional time to respond. Accordingly, for the reasons explained in the Show Cause Order,

2

Cook's motion to reduce his sentence pursuant to Amendment 782 (ECF No. 406) is **DENIED**.

    **IT IS SO ORDERED.**

                                      s/Matthew F. Leitman
                                      MATTHEW F. LEITMAN
                                      UNITED STATES DISTRICT JUDGE

Dated: June 21, 2021

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 21, 2021, by electronic means and/or ordinary mail.

                                      s/Holly A. Monda
                                      Case Manager
                                      (810) 341-9764