UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                  Case No. 10-cr-20667-1
                                  Hon. Matthew F. Leitman

D1, JOHN COOK,

    Defendants.
_____/

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE (ECF No. 447)

In 2012, a jury convicted Defendant John Cook of one count of conspiracy to possess and distribute cocaine base and heroin, in violation of 21 U.S.C. § 846, one count of possession with intent to distribute at least 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and two counts of felon-in-possession of a firearm, in violation of 19 U.S.C. § 922(g)(1). (*See* Am. Judgment, ECF No. 383, PageID.3735.)  As a result of those convictions, United States District Court Judge Marianne O. Battani sentenced Cook to 314 months in federal prison. (*See id.*, PageID.3736.)  On April 7, 2022, Cook filed a Motion for Compassionate Release Pursuant to § 3582(C)(1)(A)(i). (*See* Mot., ECF No. 447.)  For the reasons explained below, the motion is **DENIED.**

1

# I

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.* Section 3582(c)(1)(A) describes when a court may grant compassionate release:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Court of Appeals for the Sixth Circuit has explained that the following framework governs motions for compassionate release filed by inmates:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the

§ 3553(a) factors support a reduction. *Id.* at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022). Section 3553(a) "blankets a vast terrain of sentencing factors," including "the nature and circumstances of a defendant's offense, the defendant's history and characteristics, and the need for the sentence to reflect the seriousness of the offense or provide just punishment." *United States v. Eggleston*, 2021 WL 6101397, at *2 (6th Cir. Dec. 21, 2021) (citing *United States v. Jones* 980 F.3d 1098, 1114 (6th Cir. 2020) and 18 U.S.C. § 3553(a)) (internal quotations omitted).

## II

Cook is not entitled to compassionate release because he has not shown the existence of extraordinary and compelling circumstances warranting his release. In his Motion for Compassionate Release, Cook identifies four factors that "constitute extraordinary and compelling reasons for a reduction in sentence." (*See* Mot., ECF No. 447, PageID.4200.) But none of these factors present extraordinary and compelling circumstances warranting early release.

First, Cook argues that he "suffers from a myriad of health concerns" which "raise [the] risk of severe illness from COVID-19." (*Id.*, PageID.4204.) Cook identifies a number of health conditions that render him especially vulnerable to COVID-19, and explains that his risk of infection is further heightened because he has not been vaccinated against COVID-19 (although Cook acknowledges that he

3

has been offered the vaccine). (*See id.*) However, as the Sixth Circuit has explained, "when [a prisoner] has access to the COVID-19 vaccine," the prisoner's potential exposure to the virus while in custody "does not present an extraordinary and compelling reason" warranting an early release. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).

Second, Cook argues that a change in the law warrants his early release. More specifically, he argues that "the gross disparity between the mandatory 360 month sentence he received in 2012 and the term he would face today is an extraordinary and compelling reason to grant relief." (*Id.*, PageID.4205.) According to Cook, under the Sixth Circuit's recent holding in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), he would have received a much shorter mandatory minimum sentence. (*See id.*, PageID.4210.) But the Sixth Circuit rejected an identical argument in *United States v. McCall*. In that case, the court held that "nonretroactive legal developments, considered alone or together with other factors, cannot amount to an 'extraordinary and compelling reason' for a sentence reduction." *United States v. McCall*, 56 F.4th 1048, 1065 (6th Cir. 2022). In reaching this holding, the Sixth Circuit reasoned that,

> The nonretroactivity of judicial precedent like *Havis* is the rule, not the exception. That a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system. These ordinary happenings cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law.

4

*Id.* at 1065 (internal citations and quotations omitted).  Thus, any disparity between the sentence Cook received in 2012 and the sentence he would receive for his offenses today does not constitute an extraordinary and compelling reason supporting his early release.

Third, Cook argues that the disparity between his sentence and the sentences that his seven co-defendants received constitutes an extraordinary and compelling reason for his early release. (*See id.*, PageID.4213.)  But Judge Battani recognized this disparity and took it into account when she sentenced Cook. (*See* Sentencing Tr., ECF No. 356, PageID.3508.)  Indeed, several of Cook's co-defendants were sentenced before he was, and Judge Battani factored the lengths of their sentences into her decision about Cook's sentence. (*See id.*)  Moreover (and in any event), any disparity between Cook's sentence and those of his co-defendants who were sentenced before him cannot constitute an extraordinary and compelling reason warranting early release because, as the Sixth Circuit has clarified, "facts that existed at sentencing cannot later be construed as 'extraordinary and compelling reasons' to reduce a final sentence." *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021).  Indeed, the Sixth Circuit explained in *Hunter* that a sentencing disparity between a defendant and his co-defendants does not constitute an "extraordinary and compelling reason" for a sentence reduction when that disparity was a "fact[] that existed at sentencing." *Id.*

5

Fourth, Cook argues that his "relative youth" at the time of his offense presents an extraordinary and compelling reason supporting his release. (*See* Mot., ECF No. 447, PageID.4215.) But Cook's youth at the time of his offense was a fact that existed at the time of his sentencing. The Court may not construe such a fact as "extraordinary and compelling." *See Hunter*, 12 F.4th at 570. Indeed "the extraordinary-and-compelling-reasons requirement in § 3582(c)(1)(A) cannot be met based on a mere difference of opinion regarding the significance of the facts that existed at sentencing." *Id.* In any case, Judge Battani extensively considered Cook's youth during his sentencing and factored it in to his sentence. (*See* Sentencing Tr., ECF No. 356, PageID.3507.) Thus, Cook's relative youth at the time of his offense is not an extraordinary and compelling reason for his early release.

Finally, Cook points to his rehabilitation during his time in federal prison as an extraordinary and compelling reason for his release. (*See* Mot., ECF No. 447, PageID.4200.) But a prisoner's rehabilitation "cannot serve as a stand-alone reason" for his early release. *Hunter*, 12 F.4th at 563. Because no other extraordinary or compelling reasons justify Cook's early release, his rehabilitation does not warrant release.

6

## III

For all of these reasons, Cook's Motion for Compassionate Release (ECF No. 447) is **DENIED.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 17, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 17, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
